IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MIKEL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)**<br><br>Case No. 1:18-cv-00018-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court[1] is Defendant Jackson National Life Insurance Company's ("Jackson National") Motion for Summary Judgment (ECF No. 17). Plaintiff Mikel Smith, the son of life insurance policyholder Mary Foxen, asserts two causes of action against Jackson National relating to the Foxen insurance policy issued in 1997 ("Foxen Policy"): (1) violation of Utah Code § 31A-22-402(5), which mandates that an insurer send written notice of termination of coverage to the policyholder's last-known address at least thirty days before the date that the coverage terminates (first cause of action), and (2) breach of the implied covenant of good faith and fair dealing, premised on Jackson National's alleged violation of Utah Code § 31A-22-402(5). (Compl., ECF No. 2.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 14.)

1

Jackson National moves for summary judgment on both causes of action, arguing, among other things, that the Court cannot apply Utah Code § 31A-22-402(5)—which went into effect five years after issuance of the Foxen Policy—retroactively. (See Def.'s Mot. for Summ. J. ("Mot.") 5, ECF No. 17.) As set forth in detail below, the Court agrees with Jackson National. Unless the legislature indicates otherwise—which did not happen here—substantive statutory amendments enacted after parties enter into a contract, including insurance policies, do not apply to that contract or policy. Because the Court cannot apply Utah Code § 31A-22-402(5) retroactively to the Foxen Policy, both of Mr. Smith's claims, premised on a violation of this statute, fail as a matter of law. Accordingly, the Court GRANTS Jackson National summary judgment on both causes of action.

The Court grants summary judgment when the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## FACTUAL BACKGROUND

Mr. Smith does not dispute any of the facts set forth in Jackson National's Statement of Undisputed Facts.[2] (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") 2–3, ECF No. 18.)

The life insurance policy at issue in this case, insuring the life of Mary Katherine Foxen, issued in 1997. (Mot., Undisputed Material Fact No. 1, ECF No. 17; Ex. A to Mot., Decl. of Linda L. Woodell ("Woodell Decl."), ¶ 3, ECF No. 17-1; Compl. ¶ 7, ECF

---

[2] Mr. Smith disputes Jackson National's "characterization" of the notices sent regarding the Foxen Policy, (Opp'n 2–3, ECF No. 18), but that issue does not bear on the Court's disposition of this matter.

No. 2.) Ms. Foxen designated her son, Mr. Smith, as the beneficiary of the Foxen Policy. (Mot., Undisputed Material Fact No. 2, ECF No. 17; Woodell Decl., ¶ 5, ECF No. 17-1; Compl. ¶ 9, ECF No. 2.)

On November 10, 2016, Jackson National mailed a document entitled "Payment Notice" to Ms. Foxen that indicated her premium payment of $29.41 was due December 9, 2016, and that the payment "must be received" by that date, or the "policy will enter its grace period and will terminate if the renewal premium is not received by the last day of the grace period . . ." (Mot., Undisputed Material Fact Nos. 3 & 4, ECF No. 17; Woodell Decl., ¶¶ 6–7, ECF No. 17-1; Ex. B to Mot., Payment Notice, ECF No. 17-2.) Ms. Foxen did not make the required premium payment. (Mot., Undisputed Material Fact No. 5, ECF No. 17; Woodell Decl., ¶ 8, ECF No. 17-1; Compl., ¶ 11, ECF No. 2.)

On December 29, 2016, Jackson National mailed a document entitled "Second Notice Please Pay Immediately" to Ms. Foxen, indicating that her "policy has entered its grace period and will terminate if the renewal premium is not received by the last day of the grace period . . ." (Mot., Undisputed Material Fact Nos. 6 & 7, ECF No. 17; Woodell Decl., ¶¶ 9–10, ECF No. 17-1; Ex. C to Mot., Second Notice Please Pay Immediately, ECF No. 17-3.) Ms. Foxen still failed to make the required premium payment. (Mot., Undisputed Material Fact No. 8, ECF No. 17; Woodell Decl., ¶ 11, ECF No. 17-1.)

On January 11, 2017, Jackson National mailed a document entitled "Notice of Policy Lapse" to Ms. Foxen, which stated that the policy had terminated effective January 9, 2017 since Jackson National had not received the premium due December 9, 2016. (Mot., Undisputed Material Fact No. 9, ECF No. 17; Woodell Decl., ¶¶ 12–13, ECF No. 17-1; Ex. D to Mot., Notice of Policy Lapse, ECF No. 17-4; Compl., ¶ 14, ECF

3

No. 2.) The Notice further offered to reinstate the policy, without evidence of insurability, subject to certain conditions. (Mot., Undisputed Material Fact No. 9, ECF No. 17; Woodell Decl., ¶¶ 12–13, ECF No. 17-1; Ex. D to Mot., Notice of Policy Lapse, ECF No. 17-4.) Also on January 11, 2017, Ms. Foxen died. (Mot., Undisputed Material Fact No. 11, ECF No. 17; Compl., ¶ 15, ECF No. 2.) Jackson National never received the required payment, and no one took any other steps to reinstate the policy. (Mot., Undisputed Material Fact No. 10, ECF No. 17; Woodell Decl., ¶¶ 14–15, ECF No. 17-1.)

## DISCUSSION

### I. Mr. Smith's First Cause of Action for Violation of Utah Code § 31A-22-402(5) Fails as a Matter of Law Because that Provision Does Not Apply Retroactively to the Foxen Policy

Mr. Smith asserts as his first cause of action that Jackson National violated § 31A-22-402(5) of the Utah Insurance Code. (Compl., ¶¶ 16–22, ECF No. 2.) This provision provides that:

> (5) The insurer shall send written notice of termination of coverage:
>     (a) to the policyholder's last-known address; and
>     (b) at least 30 days before the date that the coverage is terminated.

Utah Code § 31A-22-402(5). Mr. Smith alleges that Jackson National first sent written notice that it planned to terminate the Foxen Policy on December 29, 2016 and then terminated the policy only eleven days later on January 9, 2017. (Compl., ¶¶ 18–19, ECF No. 2.) He claims that this termination violated the thirty-day written notice requirement set forth in Utah Code § 31A-22-402(5) and that as a result, he suffered damages because he has not received the Foxen Policy's death benefit. (Id., ¶¶ 20–22.)

Jackson National argues that Mr. Smith's cause of action for violation of Utah Code § 31A-22-402(5) fails (1) because that statutory provision did not come into effect until 2002—well after the policy was issued in 1997—and does not apply retroactively, (2) that even if that statutory provision did apply retroactively, Jackson National complied with its requirements, and (3) no private right of action exists for a violation of that statutory provision. (Mot. at 5–7, ECF No. 17.) Mr. Smith counters that he does not seek retroactive application of Utah Code § 31A-22-402(5). (Opp'n at 3–4, ECF No. 18.) He argues that Utah generally applies the version of the statute in effect at the time of the events giving rise to the suit and that he seeks to enforce the law in effect when the termination occurred in 2017. (Id.) Mr. Smith also asserts that Jackson National did not comply with the requirements of Utah Code § 31A-22-402(5) and that the underlying purpose of Utah's Insurance Code supports the creation of a private right of action under that provision. (Id. at 4–7.)

For the reasons addressed below, the Court finds that Utah Code § 31A-22-402(5) does not apply to the Foxen Policy. Further, because the Court finds Jackson National's first argument concerning retroactive application of the statute dispositive, it does not address Jackson National's remaining arguments.

As an initial matter, the parties agree that Utah law applies in this case. (See Mot. at 5, ECF No. 17; Opp'n at 3–4, ECF No. 18.) The parties also agree that the insurance policy in this case was issued to Ms. Foxen in 1997. (Mot. at 3, ECF No. 17; Opp'n at 2, ECF No. 18.) Moreover, the parties agree that the Utah legislature added the notice provision to Utah Code § 31A-22-402 in 2002, five years after issuance of the Foxen Policy. (Mot. at 5, ECF No. 17; Opp'n at 3, ECF No. 18); see also Ins. Law

5

Amendments, 2002 General Session, available at:

https://le.utah.gov/~2002/bills/sbillhtm/sb0122s1.htm (showing addition of subsection 5 notice requirement to statute) (last visited Mar. 28, 2019).  The parties disagree, however, as to whether the notice provision in subsection 5—which requires an insurer to send written notice thirty days before terminating coverage—applies in this case.

Insurance policies are contracts under Utah law.  See Compton v. Houston Cas. Co., 2017 UT 17, ¶ 17, 393 P.3d 305 (quoting Ohio Cas. Ins. Co. v. Unigard Ins. Co., 2012 UT 1, ¶ 16, 268 P.3d 180 (" 'Insurance policies are contracts between the insurer and the insured . . .' "); U.S. Fid. v. U.S. Sports Specialty Assoc., 2012 UT 3, ¶ 14, 270 P.3d 464 (" 'An insurance policy is merely a contract.' " (quoting Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co., 2011 UT 49, ¶ 8, 266 P.3d 733)).

Contracts, including insurance policies, implicitly contain the law in effect at the time of creation.  See Beehive Med. Elecs., Inc. v. Indus. Comm'n, 583 P.2d 53, 60 (Utah 1978) ("[A] contract contains, implicitly, the laws existing at the time it is completed."); Edwards v. Kearzey, 96 U.S. 595, 601 (1877) ("[T]he laws which subsist at the time and place of making a contract enter into and form a part of it, as if they were expressly referred to or incorporated in its terms.  This rule embraces alike those which affect its validity, construction, discharge, and enforcement."); Washington Nat. Ins. Co. v. Sherwood Assocs., 795 P.2d 665, 669 (Utah Ct. App. 1990) ("[A] contract implicitly contains the laws existing at the time it was entered.")

Conversely, "a statute that becomes effective after the issuance of an insurance policy does not become part of that policy absent evidence of a legislative intent that the statute is to be applied retroactively."  16 Williston on Contracts § 49:24 (4th ed.); see

6

also 1 Couch on Ins. § 2:3 (3d ed.) ("Generally, insurance policies are governed by statutes in effect at the time of the policy's issuance and such insurance statutes will not have any retroactive application."). Renewal of a policy does not reset the applicable law for the policy. See Johnson v. Life Investors Ins. Co., 216 F.3d 1087, 2000 WL 954840, at *4 (10th Cir. 2000) (unpublished table decision) (stating that the panel "see[s] no reason why Utah would depart from the majority view" that "an increase in premiums, benefits, or coverage, does not constitute the creation of a new certificate of insurance subject to regulations enacted after the original date the policy became effective.")

"In Utah, a statute generally cannot be given retroactive effect unless the legislature expressly declares such an intent in the statute." Washington Nat. Ins. Co., 795 P.2d at 667. Indeed, Utah Code § 68-3-3 provides that "[a] provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive." However, "even without express legislative intent a statute may be applied retroactively if it affects procedural and not substantive rights." Washington Nat. Ins. Co., 795 P.2d at 667. "Laws that 'enlarge, eliminate, or destroy vested or contractual rights' are substantive and are barred from retroactive application absent express legislative intent." Waddoups v. Noorda, 2013 UT 64, ¶ 8, 321 P.3d 1108 (quoting Brown & Root Indus. Serv. v. Indus. Comm'n, 947 P.2d 671, 675 (Utah 1997)); see also Olsen v. Samuel McIntyre Inv. Co., 956 P.2d 257, 261 (Utah 1998) (stating that "substantive law 'creates, defines and regulates the rights and duties of the parties which may give rise to a cause of action' " (quoting Petty v. Clark, 192 P.2d 589, 593 (Utah 1948)). "However, laws which 'merely pertain[] to and prescribe[] the practice and procedure or

7

the legal machinery by which the substantive law is determined or made effective' are procedural and 'may be given retrospective effect.' " Waddoups, 2013 UT 64, ¶ 8 (quoting Brown, 947 P.2d at 675 (alterations in original)).

The Utah legislature did not indicate that Utah Code § 31A-22-402(5) should be applied retroactively. Thus under the general rule barring retroactive application of a statute, the Court will not apply this notice provision—added to the statute in 2002—to the Foxen Policy issued in 1997.

Further, the notice provision plainly qualifies as substantive because it affects and alters the rights and duties of the parties and may give rise to a cause of action. Indeed, prior to the 2002 amendment to Utah Code § 31A-22-402, Mr. Smith would not have had a basis for this lawsuit, premised entirely on a violation of thirty-day notice of termination requirement in Utah Code § 31A-22-402(5). "If a statutory amendment changes the contractual rights and obligations of the parties, it is substantive." Washington Nat. Ins. Co., 795 P.2d at 669; Olsen, 956 P.2d at 261 (finding an amendment to the notice requirements of a statute substantive). Because the 2002 amendment adding the thirty-day notice provision to § 31A-22-402 is substantive, the Court cannot apply that provision retroactively to the Foxen Policy issued in 1997.

Mr. Smith argues that under Utah law, the statute in effect at the time Jackson National allegedly violated the notice provision in 2017 applies so he does not seek retroactive application of the statute. (Opp'n at 3–4, ECF No. 18 (citing Salt Lake Cty. v. Holliday Water Co., 2010 UT 45, ¶ 41, 234 P.3d 1105 (stating that in Utah, "[a]s a general rule, we apply the version of the statute in effect 'at the time of the events giving rise to [the] suit' " (quoting Taghipour v. Jerez, 2002 UT 74, ¶ 5 n. 1, 52 P.3d 1252))).

8

While Utah generally applies the statute in effect at the time of the occurrence, this practice gives way where the application of the current statute would impact preexisting contractual rights.

In Washington National, the Utah Court of Appeals examined whether the version of a statute in place at the time the defendant executed a note applied or whether the statute in effect at the time of default under the note—enacted two years after execution—applied. 795 P.2d at 666–67, 669. The version of the statute in place at the time the note was executed provided that a debtor in default could pay the amount in default under the note at any time prior to foreclosure to cure the default and avoid foreclosure, but the legislature removed that provision two years later. Id. at 666–67. The court noted that the amended statute did not indicate it should be applied retroactively, so under the general rule in Utah that statutes do not apply retroactively, the amendment "should not be applied to this contractual transaction entered into before the amendment's adoption." Id. at 667. The court then analyzed "whether the change to [the statute] is substantive or merely procedural with the premise that a contract implicitly contains the laws existing at the time it was entered." Washington Nat. Ins. Co., 795 P.2d at 669. The court found that the law allowing the defendant to cure default prior to foreclosure "became a part of the parties' contract," and the amendment that eliminated this provision reflected a substantive change because it "changes the meaning of his contract and deprives him of a contractual right which he would have had under the prior statutory scheme." Id. at 670. Accordingly, the court concluded that the statute in effect at the time the note was executed—and not the statute in effect at the time of default—applied. Id.

9

Other courts addressing the issue in the insurance context—where statutes were enacted or amended after the parties entered into an insurance contract—reached similar conclusions. For example, in <u>American National Fire Insurance Company v. Smith Grading and Paving, Inc.</u>, 454 S.E.2d 897, 898–99 (S.C. 1995), the South Carolina Supreme Court found that a statute enacted approximately nine months after issuance of the insurance policy did not apply to the policy. The court stated that "[a] statute that becomes effective after the date of issuance of an insurance policy does not apply to that policy absent legislative intent that the statute be applied retroactively." <u>Id.</u> at 899. Given the absence of legislative intent to apply the statute retroactively, the court concluded that the statute did not apply to the insurance policy issued a year prior to the statute's enactment. <u>Id.</u> at 898–99.

Similarly, in <u>French v. Insurance Company</u>, 591 S.W.2d 620, 621–22 (Tex. Civ. App. 1979), the Texas Court of Civil Appeals found that the insurance policy at issue "created the obligations of the parties of this suit" and that a subsequent amendment to the uninsured motorist statute enacted a few months later did not apply. Specifically, the court found no indication that the legislature intended the statute to apply retroactively. <u>Id.</u> The court further found that retroactive application of the statute to the policy would have "imposed a new duty upon the parties" not required under the law existing at the time the policy issued, thus "impair[ing] vested rights" under the parties' contract. <u>Id.</u> Likewise, in <u>State Farm Mutual Automobile Insurance Company v. Henderson</u>, 150 S.W.3d 276, 280–81 (Ark. 2004), the Arkansas Supreme Court concluded that the amended version of a statute enacted three years after issuance of

10

the insurance policy did not apply because "an insurance policy is governed by statutes in effect at the time of its issuance."

In sum, Mr. Smith's cause of action for violation of the thirty-day notice provision in Utah Code § 31A-22-402(5) fails as a matter of law. The Foxen Policy issued in 1997, and the laws in effect at that time became a part of the parties' insurance contract. The statutory amendment requiring written notice thirty days prior to termination of coverage came into effect in 2002, over five years after issuance of the Foxen Policy. The Utah legislature did not indicate as part of the 2002 amendment that the notice provision should apply retroactively. Further, the notice provision is substantive since it affects and alters the rights and duties of the parties. As such, the Court cannot apply the statute retroactively. Because the notice provision in Utah Code § 31A-22-402(5) does not apply to the Foxen Policy, Mr. Smith's claim for a violation of that provision fails as a matter of law, and the Court GRANTS summary judgment to Jackson National as to that cause of action.

## II. Mr. Smith's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, Premised on Jackson National's Alleged Violation of Utah Code § 31A-22-402(5), Also Fails as a Matter of Law

Mr. Smith asserts as his second cause of action a claim for breach of the implied covenant of good faith and fair dealing. (Compl., ¶¶ 23–29, ECF No. 2.) Mr. Smith claims by intentionally failing to adhere to the thirty-day notice requirement set forth in Utah Code § 31A-22-402(5), Jackson National deliberately deprived him "of his right to receive the benefit of the contract" and therefore breached the implied covenant of good faith and fair dealing under the Foxen Policy. (Id., ¶¶ 25, 28.) Relatedly, he asserts that Jackson National violated the implied covenant by taking the position that the statute's

notice requirement enacted in 2002 did not apply to the Foxen Policy issued in 1997. (Id., ¶ 26.) Mr. Smith claims that as a result of Jackson National's alleged breach of the implied covenant of good faith and fair dealing, he suffered damages because he has not received the Foxen Policy's death benefit. (Id., ¶ 29.)

Jackson National also moves for summary judgment on this cause of action, arguing that Mr. Smith's claim for benefits under the Foxen Policy was at a minimum, "fairly debatable" and therefore under Utah law it did not violate the implied covenant by debating Mr. Smith's entitlement to benefits. (Mot. at 7–8, ECF No. 17.) Mr. Smith counters that Jackson National did not even let him file a claim but instead took the position that the policy no longer existed after lapse and that in any event, Jackson National's argument that its "decision to deny benefits was 'fairly debatable' does not render summary judgment automatic." (Opp'n at 7–8, ECF No. 18.) He further argues that Jackson National both unreasonably ignored the thirty-day written notice provision in Utah Code § 31A-22-402(5) and took the position that the Code section did not apply to the Foxen Policy. (Id. at 8–10.) Given the Court's conclusion that Utah Code § 31A-22-402(5) does not apply to the Foxen Policy, the Court finds that Mr. Smith's claim for breach of the implied covenant of good faith and fair dealing—premised on Jackson National's failure to comply with the notice requirement in Utah Code § 31A-22-402(5)— also fails as a matter of law.

In Utah, "every contract is subject to an implied covenant of good faith." Brehany v. Nordstrom, Inc., 812 P.2d 49, 55 (Utah 1991). The implied covenant of good faith and fair dealing "cannot be construed, however, to establish new, independent rights or duties not agreed upon by the parties." Id. This Court has decided that Utah Code §

31A-22-402(5) does not retroactively apply to the Foxen Policy, making the notice provision not part of the contract. Thus applying the new statute through the covenant of good faith and fair dealing would impose a new, independent duty on Jackson National, namely a duty to provide thirty days written notice prior to termination. Utah law explicitly prohibits such an interpretation of the covenant of good faith and fair dealing. See Brehany, 812 P.2d at 55.

Further, "the overriding requirement imposed by the implied covenant is that insurers act reasonably, as an objective matter, in dealing with their insureds." Billings v. Union Bankers Ins. Co., 918 P.2d 461, 465 (Utah 1996). Given the Court's finding that that the notice provision in Utah Code § 31A-22-402(5) does not apply to the Foxen Policy as a matter of law, Jackson National did not act unreasonably in taking the position that the notice provision did not apply or in electing not to pay benefits under the lapsed policy. Thus the Court cannot, as a matter of law, find Jackson National violated the implied covenant of good faith and fair dealing, and the Court therefore GRANTS Jackson National summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Jackson National's Motion for Summary Judgment (ECF No. 17).

DATED this 29th day of March, 2019.

BY THE COURT:

*[signature]*
EVELYN J. FURSE
United States Magistrate Judge